UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| ZE YANG, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-0640 |
| | § | |
| AWBURY GROUP, LLC, ET AL., | § | |
|    *Defendants*. | § | |

**MEMORANDUM AND RECOMMENDATION**

This employment dispute is before the Court on Defendants' Motion to Dismiss.[1] ECF 18. Plaintiff filed an untimely response. ECF 20. Having considered the parties' submissions and the law, the Court recommends that Defendants' Motion be GRANTED.

**I.    Procedural Background**

Plaintiff Ze Yang, who is proceeding in this case *pro se*, filed a form Complaint on February 28, 2022. ECF 1. Defendants filed a Motion to Dismiss for failure to state a claim on August 8, 2022. ECF 18. Pursuant to Court rules, the deadline for Yang to respond to the motion was August 29, 2022. LOC. R. S.D. TEX. 7.3, 7.4. Yang filed a response on September 8, 2022, after Defendants filed a Notice informing the Court of Yang's failure to respond. ECF 19, 20.

The Court construes Yang's response as incorporating a motion for an extension of time to file an additional response. ECF 20 at 3. A motion for extension of the time to respond is governed by Federal Rule of Civil Procedure 6(b). *LFE Distrib., Inc. v. State Farm Lloyds*, No. 5:16-CV-116, 2018 WL 4103236, at *2 n.2 (S.D. Tex. May 30, 2018) ("Rule 6(b) is the general rule

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

governing extensions of time, whereas Rule 16(b) explicitly governs the modification of scheduling orders."). Under Rule 6(b)(1)(B), the Court may grant a post-deadline motion for an extension for good cause if the party failed to act because of excusable neglect. *Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr., Inc.*, No. CV 4:17-02936, 2018 WL 6067292, at *2 (S.D. Tex. Nov. 20, 2018) (citations omitted).

Yang has provided no adequate explanation for his initial failure to timely respond. Yang suggests that he did not receive notice of the motion because he changed addresses. ECF 20 at 1. Pursuant to Local Rule 83.4, notices are "sent only to the address on file, and a "*pro se* litigant is responsible for keeping the clerk advised in writing of a current address." However, Yang asked for and was granted access to the court's electronic filing system, CMECF, and the Court warned Yang that upon receiving access to the CMECF system, the Clerk's Office would not send Yang notices by mail. ECF 8. The docket sheet reflects that the CMECF system sent notice of Defendants' motion to the email address Yang provided to the court. ECF 18. Yang received a similar notice sent to the same email address informing him of Defendants' Notice that Yang failed to timely file a response to the Motion to Dismiss. ECF 19, 20. Parties proceeding pro se must follow basic procedural rules. *See Brackens v Stericycle Inc.*, 829 F. App'x 17, 20 (5th Cir. 2020); *Rojas v. Carrington Mortg. Servs., LLC*, No. 7:20-CV-00409, 2021 WL 1092303, at *3 (S.D. Tex. Mar. 22, 2021) ("The United States Supreme Court has 'never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel' and the Fifth Circuit noted that '[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law . . ..'" (citations omitted)). Therefore, Yang's motion for an extension of time is denied.

2

**II.     Analysis**

    **A.     Rule 12(b)(6) Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

    **B.     Plaintiff Has Failed to State a Cognizable Claim for Relief**

The court has reviewed Defendants' Motion and Yang's late-filed Response and finds that Yang has failed to state a claim for relief and dismissal of this case in its entirety is appropriate. Yang's Original Complaint purports to assert claims under: (1) 8 U.S.C. § 1324b(a)(1)(A), § 1324b(a)(1)(B) for national origin and citizenship discrimination; (2) 42 U.S.C. § 2000e-2 for national origin discrimination; (3) 42 U.S.C. § 12112(a), § 12112(b)(5)(A), and 29 C.F.R. § 1630.2(o) for failure to provide reasonable accommodations during covid-19; (4) 41 U.S.C. § 6503 for breach of contract; (5) 26 U.S.C. § 162 for refusal to reimburse reasonable and "nutrition critical" expenses during business travel; and (6) for involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution abolishing slavery. ECF 1 at 3, 7. Yang's Complaint fails to state a claim for multiple reasons.

First, this court lacks jurisdiction over Yang's citizenship or national origin discrimination claim under 8 U.S.C. § 1324b.  Section 1324b creates an administrative procedure to remedy unfair immigration-related employment practices.  A person adversely affected by an unfair immigration-related employment practice must file a charge with the "Special Counsel for Immigration-Related Unfair Employment Practices" within 180 days of the alleged unfair practice.  8 U.S.C. §§ 1324b(b)(1),1324b(d)(3).  The United States Court of Appeals for the circuit in which the violation occurred has exclusive jurisdiction to review of a final order in an administrative proceeding under § 1324b.  *Id.* § 1324b(i).  Yang fails to allege that he filed a charge with the Special Counsel, but even if he made such an allegation, this court lacks jurisdiction to review the result of the immigration administrative proceeding.  Thus, Yang's claim for violation of 8 U.S.C. § 1324b should be dismissed without prejudice due to lack of jurisdiction.  *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017) (Dismissal without prejudice is proper when the district court dismisses a case for lack of subject matter jurisdiction).

Next, Yang fails to state a claim for race or national origin discrimination under Title VII or for disability discrimination under the ADA.  Before filing a claim in federal district court under 42 U.S.C. § 2000e or 42 U.S.C. § 12112(a), a plaintiff must file a charge with the Equal Opportunity Employment Commission.  42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a).  Yang fails to allege having done so and admits having "missed the deadline to file a complaint" with the Equal Employment Opportunity Commission.  ECF 1, 20 at 2.  Further, only employers can be liable under Title VII and Title I of the ADA.  *Collister v. Am. Arb. Ass'n*, No. 1:20-CV-01180-DAE-SH, 2022 WL 229361, at *4 (W.D. Tex. Jan. 25, 2022), report and recommendation adopted in part, No. 1:20-CV-1180-DAE, 2022 WL 1098841 (W.D. Tex. Feb. 18, 2022).  Title VII and the ADA do not authorize claims against individuals.  *Shahrashoob v. Texas A&M Univ. Sys.*, No. CV

H-22-699, 2022 WL 3702264, at *3 (S.D. Tex. Aug. 26, 2022) (plaintiff's Title VII and ADA claims against individual defendants dismissed with prejudice and without leave to amend because amendment would be futile). Yang concedes he was employed by Awbury Technical Solutions LLC, an entity which has not been named or served in this action. ECF 20 at 2. Therefore, Yang's Title VII and ADA claims against Defendants should be dismissed with prejudice.

Yang's remaining claims also fail. Title 41 U.S.C. § 6503 creates liability "to the Federal Government" in the event of violation of Title 41 U.S.C. § 6502 regarding required terms in a contract "made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." Yang alleges no facts showing that §§ 6502-03 apply in this case or that he is an employee entitled to reimbursement of money withheld or recovered by the federal government under § 6503(e). Title 26 U.S.C. § 162 is a provision of the Internal Revenue Code allowing deductions from income tax for trade or business expenses. Section 162 does not require a business to reimburse an employee for travel expenses. Finally, the Thirteenth Amendment does not provide a direct cause of action by a private party. *Joganik v. E. Texas Med. Ctr.*, No. 6:19-CV-517-JCB-KNM, 2021 WL 6694455, at *10 (E.D. Tex. Dec. 14, 2021), report and recommendation adopted, No. 6:19-CV-00517, 2022 WL 243886 (E.D. Tex. Jan. 25, 2022).

Yang fails to address his statutory and constitutional claims in his Response and has not requested leave to amend. *See* ECF 20. When a plaintiff fails to address arguments raised by a 12(b)(6) motion or request leave to amend, a court "may deny the plaintiff leave to amend because the plaintiff has already alleged his or her best case" as to those claims and leave to amend would be futile. *Bueno Invs., Inc. v. Depositors Ins. Co.*, No. EP-16-CV-60-KC, 2016 WL 1621619, at *3 (W.D. Tex. Apr. 4, 2016). Moreover, the deficiencies of Yang's Complaint are legal matters

5

that cannot be cured by repleading factual allegations. Thus, dismissal with prejudice is appropriate as to Yang's 41 U.S.C. § 6503, 26 U.S.C. § 162, and Thirteenth Amendment claims.

### III.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED and that Plaintiff's claim under 8 U.S.C. § 1324b be DISMISSED WITHOUT PREJUDICE and all other claims be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 19, 2022, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge