United States District Court
Southern District of Texas
**ENTERED**
November 01, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ZE YANG, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-00640 |
| | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| AWBURY GROUP, | § | |
| *et al,* | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND
RECOMMENDATION**

Plaintiff Ze Yang, proceeding here *pro* se, filed this action in February 2022. Dkt 1. He brought several claims, including discrimination on the basis of citizenship and national origin, Title VII/ADA claims, statutory contract claims, and Thirteenth Amendment claims. See generally ibid. Defendant Awbury Group filed a motion to dismiss for failure to state a claim. Dkt 18. The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 4.

Yang's response to the Awbury Group's motion to dismiss was due on August 29, 2022, but Yang did not file his response until September 8, 2022. See LOC R SD TEX 7.3, 7.4, Dkt 19. Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may grant an extension of time "on motion made after the time has expired if the party failed to act because of excusable neglect." Judge Bryan construed Yang's response to incorporate a motion for an extension of time to file an additional response. Dkts 20 at 3 & 22 at 1. However, since Yang did not provide a

sufficient explanation for his failure to respond, Judge Bryan recommended that his motion for an extension of time be dismissed. Dkt 22 at 2.

On the motion to dismiss, Judge Bryan recommended that Yang's claims regarding discrimination on the basis of citizenship and national origin under 8 U.S.C § 1324b be dismissed without prejudice because this court lacks jurisdiction due to the fact that Yang did not go through the appropriate administrative proceeding first. Dkt 22 at 4. Regarding the Title VII and ADA claims, Judge Bryan recommended that Yang's claims be dismissed with prejudice because he did not file a complaint with the Equal Employment Opportunity Commission, employers cannot be liable under Title VII and the ADA, claims against individuals cannot be brought under Title VII and the ADA, and the entity Yang was employed by has not been named or served in this action. Id at 4–5. Judge Bryan recommended that his statutory contract claims be dismissed with prejudice because he alleged no facts that the statutes applied to this action. Id at 5. And finally, Judge Bryan recommended that Yang's Thirteenth Amendment claim be dismissed with prejudice because the Thirteenth Amendment does not provide a private right of action. Ibid.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) advisory committee note (1983).

District court review isn't intended to be a second bite at the apple. See *Freeman v County of Bexar*, 142 F3d 848, 852 (5th Cir 1998). Rule 72 instead allows a party to "file specific written objections to the proposed findings and

recommendations." This means that objections must *specifically* identify those findings to which objections are being made and provide argument with citations as to why the Magistrate Judge purportedly erred. *United States v Ervin*, 2015 WL 13375626, *13 (WD Tex) (collecting cases); *United States v Charles*, 2010 WL 11707712, *1 (SD Tex); *Harbolt v Quarterman*, 2009 WL 3496290, *1 & n 1 (ND Tex). A district court needn't consider frivolous, conclusive, or general objections. *Oubre v Schlumberger Ltd*, 2016 WL 5334627, *1 (SD Tex), citing *Mosley v Quarterman*, 306 F Appx 40, 42 n 2 (5th Cir, *per curiam*), and *Nettles v Wainwright*, 677 F2d 404, 410 (5th Cir 1982), overruled on other grounds by *Douglass v US Auto Association*, 79 F3d 1415 (5th Cir 1996); *Jones v Bank of New York Mellon*, 2015 WL 5725196, *1 (SD Tex); *Mejia v Davis*, 2017 WL 2274486, *1 n 2 (SD Tex).

None of the parties filed objections. The pleadings, record, applicable law, and recommendations have been reviewed. No clear error or abuse of discretion appears on the face of the record, and the findings are not contrary to applicable law.

The Memorandum and Recommendation by the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 22.

The motion to dismiss by Awbury Group is GRANTED. All claims are DISMISSED WITH PREJUDICE, except for Yang's claim under 8 U.S.C § 1324b, which is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Signed on October 31, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge